**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Thomas E. Brant, | Case No. 2:25-cv-01398-GMN-MDC |
| Plaintiff, | **ORDER and REPORT AND RECOMMENDATION** |
| vs. | |
| State of Nevada, | |
| Defendant. | |

Pending before me are several filings by prisoner *pro se* plaintiff Thomas E. Brant.  I have reviewed plaintiff's *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and "Writ of Course," which I construe to be his complaint in this action (ECF No. 1-1).  I have also reviewed plaintiff's *Motion for Judicial Notice* (ECF No. 5), *Motion to Take Custody* (ECF No. 6), and *Motion to Discharge Unlawful Conviction* (together, "Motions") (ECF No. 7).

I **GRANT** plaintiff's IFP application and **RECOMMEND** that his complaint be **DISMISSED WITHOUT LEAVE TO AMEND** for the reasons below. *Id.* Since plaintiff is incarcerated, I order plaintiff must pay the initial filing fee of $0.10 towards the full $405 filing fee. Furthermore, since I am recommending that plaintiff's complaint be dismissed without leave to amend, I also **RECOMMEND** that plaintiff Motions at ECF Nos. 5, 6, 7 be **DENIED** as moot.

**I.      WHETHER PLAINTIFF CAN PROCEED IFP**

**a.      Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in

installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**b.      Plaintiff May Proceed IFP**

Plaintiff is incarcerated. Plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate. *ECF No. 1*. The financial certificate is signed by the appropriate official, and contains a certified copy of the trust fund account statement. *ECF No. 1*. Based on plaintiff's trust fund account statement, plaintiff's initial filing fee would be $0.10. *See id*. I find that there is sufficient information from plaintiff's IFP application to grant it. I order that plaintiff pay the initial filing fee of $0.10. The entire $405 filing fee will remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $405 filing fee will remain due and payable and will be collected from plaintiff's institutional account regardless of the outcome of this action. I now proceed with screening his complaint and recommend that it be dismissed without leave to amend for the reasons below.

## II.    COMPLAINT

### A.    Legal Standard

Having granted plaintiff's request to proceed in forma pauperis, I have screened his complaint pursuant to 28 U.S.C. § 1915(e). The screening process is to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether plaintiff's complaint states a plausible claim for relief.

//

**B.     Complaint**

I liberally construe plaintiff's "writ of course" (ECF No. 1-1) as a civil rights complaint per 42 U.S.C. § 1983 ("Section 1983"). Although not expressly stated, plaintiff manifestly challenges his conviction. Plaintiff claims he is being held against his will and is a victim of trafficking. He challenges his conviction and confinement by claiming that Nevada Senate Bill Nos. 2 and 182 are unconstitutional and that the Nevada branches of government were unlawfully usurped. This Court has time and again rejected such claims (*see e.g., Nicholas James Willing v. Fed Judge*, No. 23-cv-857-GMN-MDC (ECF Nos. 15, 22)), including dismissal of identical claims by this very plaintiff (*see Brandt v. State of Nevada*, Case No. 22-cv-01205-GNM-DJA (ECF Nos. 4, 12)).

### i.     The *Heck* Doctrine Bars Plaintiff's Claims

Plaintiff's action challenging his conviction and confinement is barred under the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held that party who is convicted of a crime is barred from bringing a Section 1983 lawsuit where the relief sought would necessarily invalidate his sentence or conviction. *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff is precisely challenging his conviction and sentence, and relief in his favor would necessarily invalidate both.

Plaintiff claims that "usurpers" in the Nevada state government make it so that "every person convicted by usurpers… fail as a matter of law" and is victim of "human traffic[k]ing." *ECF No. 1-1* at 6-7. Furthermore, in plaintiff's supporting affidavit, he claims that he is "being held outside the borders of Nevada" and being held "captive without any authority of the U.S. or Nevada Constitution." *ECF No. 1-1* at 13. Therefore, for plaintiff to succeed in this action, he would necessarily demonstrate the invalidity of his current confinement. *See Wilkinson*, 544 U.S. at 81-82. Claims that involve challenging the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Because plaintiff is still incarcerated and has not shown

that his conviction has been invalidated, he cannot challenge his confinement and conviction under Section 1983. A plaintiff cannot make claims for both civil rights violations per Section 1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *See Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson*, 544 U.S. at 81–82. As such, plaintiff's claims are legally barred.

### ii.     Plaintiff Cannot Sue The State Of Nevada

Plaintiff also cannot sue defendant State of Nevada because defendant has not waived the sovereign immunity granted to it under the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3); U.S. Const. amend. XI. Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) ("Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment."). Although the State of Nevada may consent to federal court jurisdiction through removal, the State of Nevada did not remove this case. *C.f. Lapides v. Bd. of Univ. Sys. Of Ga.*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constitutes waiver of its sovereign immunity). Thus, plaintiff cannot maintain this case against defendant.

### C.     Recommendation To Dismiss Complaint Without Leave To Amend

Although generally "the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies," leave may be denied when "it is clear from the face of the complaint that deficiencies **could not be cured through amendment**." *Cato*, 70 F.3d at 1106 (emphasis added). Plaintiff cannot cure the deficiencies in his complaint. The deficiencies are based upon legal authority that precludes both the claims and defendant, and not caused by inadequate factual pleading that may be cured. Plaintiff cannot bring an action for habeas corpus where he has brought a civil complaint under Section 1983. *See Nettles*, 830 F.3d at 927. Additionally, plaintiff cannot sue defendant. Defendant has

5

sovereign immunity against the claims made by plaintiff and has not waived such sovereign immunity protection.

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed without leave to amend because amendment would be futile. *See Deere v. Brown*, No. 11-cv-1579 WQH JMA, 2012 WL 4740328, at *3 (S.D. Cal. Oct. 3, 2012); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

Plaintiff has filed other cases in this Court asserting identical claims. *See Brant v. State of Nevada*, No. 2:25-cv-01280-RFB-DJA; *Brant v. State of Nevada*, No. 2:25-cv-02308-JAD-DJA; *Brant v. State of Nevada*, No. 2:22-cv-01205-GMN-DJA. Plaintiff continued assertion of such claims is unreasonable and he cautioned that continuing to file duplicative or frivolous lawsuits may result in sanctions or a finding that he is a vexatious litigant.

**III.     PLAINTIFF'S MOTIONS AT ECF NOS. 5, 6, 7**

Plaintiff also filed a *Motion for Judicial Notice of the Northern U.S. District Court* (ECF No. 5), *Motion to the Northern U.S. District Court to Take Custody of Case No. 2:25-cv-01398* (ECF No. 6), and *Motion to Discharge Unlawful Conviction by Unconstitutional NRS* (ECF No. 7). I construe the Motions at ECF Nos. 6 and 7 to be requesting that this case be transferred for consideration with a Federal Judge in Reno, Nevada and his Motion at ECF No. 7 to be challenging his conviction and current incarceration. Because I am recommending that plaintiff's complaint be dismissed without leave to amend, I also recommend that these Motions (ECF Nos. 5, 6, 7) be denied as moot.

//

ACCORDINGLY,

1.  **I ORDER** that plaintiff's application to proceed in forma pauperis (ECF Nos. 1) is **GRANTED**.

2.  **I FURTHER ORDER** that plaintiff has until **Friday, March 6, 2026** to pay an initial partial filing fee in the amount of $0.10 (toward the full $405 filing fee).

3.  **I FURTHER ORDER** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, beginning the month following plaintiff's payment of the initial partial filing fee, the Southern Desert Correctional Center must forward payments from the account of Thomas E. Brant (1105259) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $405 filing fee has been paid for this action.

4.  **I FURTHER ORDER** that if plaintiff is transferred, the Accounting Supervisor at Southern Desert Correctional Center is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

5.  **I RECOMMEND** that the Complaint (ECF No. 1-1) be **DISMISSED WITHOUT LEAVE TO AMEND** and that plaintiff's Motions (ECF Nos. 5, 6, 7) be **DENIED** as moot.

6.  Plaintiff is **CAUTIONED** that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including sanctions or a finding that he is a vexatious litigant.

DATED: February 9, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

7

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**